WILLIAM R. CASTLE, RESPONDENT, *v.* HENRY LEWIS AND OTHERS, APPELLANTS.

*Corporation — power of, to transfer property while it has but two trustees.*

Where a corporation, created under the act of 1848, has borrowed and received money, upon an agreement to secure the same by a pledge of its goods, fails to give such pledge, but subsequently, and while it has but two trustees, transfers to the lender property owned by it, in payment thereof, a good title to the property so transferred is thereby acquired by him.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Chas. W. Seymour*, for the appellant, Lewis. A corporation can act only in the mode prescribed by the law of its creation. (*F. L. and T. Co.* v. *Carrol*, 5 Barb., 613.) That law has said that the

property and affairs of the corporation shall be managed by trustees, and by not less than three. (Act of February 17, 1848 ; act of 1860, chap. 269, § 1, etc.) If the affairs and property of a corporation can be managed otherwise than the law provides, by less than three trustees, it can be done when there are none — by stockholders, the only members of the corporation left; and yet, no doctrine is better settled than that a stockholder has no power to do an act, authority to perform which is given to a board of directors. (*McCullough* v. *Mass*, 5 Den., 567 ; *Conro* v. *Port Henry Iron Co.*, 12 Barb., 27 ; *The Mut. Fire Ins. Co.* v. *Keyser*, 32 N. H., 313 ; *Gashwiler* v. *Willis*, 33 Cal., 11 ; Angell & Ames on Corp. [10th ed.], § 771. *Phelps* v. *Wickham*, 1 Paige, 590.)

*Henry Parsons*, for the respondent.

Barnard, P. J. :

The Manhattan Glove Company, a corporation organized under the Laws of this State, for manufacturing purposes. Being in need of money to carry on its business, it procured a loan of $5,000, of a Mr. Armstrong, under a promise to secure its repayment, by a pledge of their goods. This was found difficult, and before it was accomplished, one of the trustees resigned, leaving but two to conduct the business. These two trustees concluded to leave certain of their goods with Beiber & Co., for sale on commission. Before they were all sold, this Armstrong demanded the repayment of the loan. This the corporation was unable to do in cash, but made an assignment of the goods unsold in Beiber & Co.'s hands, and also of the moneys the proceeds of goods before that sold. The defendant forcibly took and carried away the goods from Beiber & Co., after the transfer. The plaintiff has become entitled to Mr. Armstrong's rights in the goods and money. The transfer was good as between the corporation and Mr. Armstrong; neither party could aver want of authority. The corporation which received the money and gave a title to property, while having only two trustees, could not set up that fact as against the claim of Mr. Armstrong, to the property conveyed. (*Eaton* v. *Aspinwall*, 19 N. Y., 119 ; *Bissell* v. *Michigan Southern R. R.*, 22 id., 258 ; *Parish* v. *Wheeler*, 22 id., 494.)

The defendants are strangers to the transaction. They are not

judgment creditors. They aver no interest in the property in this answer. They rely simply upon the absolute failure of title in the plaintiffs, by reason that the transfer was made when the corporation had only two trustees. If a private creditor of the corporation could litigate that question, the defendants are not in such a position. There was sufficient proof of the taking of the goods by defendant, to sustain the finding at Circuit. The goods were taken by the sheriff of the city of New York, upon process issued in the name of defendants. When plaintiff attempted to establish his title by the aid of a sheriff's jury, the attorney for defendants procured an adjournment, under a promise that they would give a bond of indemnity. The sheriff subsequently sold the goods and paid part of the proceeds to defendants' attorney. The slightest interference with the property of another, or the least exercise of dominion over it, will amount to a conversion. The acts proven and fairly deducible from the evidence, leave no doubt but that the seizure was by direction of defendants.

The judgment should be affirmed, with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.